NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA FORCELLATI, | Civil Action No.: 18-1118 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| PHH MORTGAGE CORPORATION, *et al.*, | |
| Defendants | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court by way of Defendant PHH Mortgage Corporation's ("PHH") motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Plaintiff filed an opposition to this motion (ECF No. 10 ("Pl.'s Opp'n")) to which Defendant PHH has replied (ECF No. 11 ("Def.'s Reply")). This motion has been decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant PHH's motion to dismiss Plaintiff's Complaint is granted and Plaintiff's Complaint is dismissed.[1]

---

[1] Plaintiff's Motion for Default Judgment as to Gino Ramundo is presently pending before the Court. (ECF No. 13). As discussed in detail below, Plaintiff's Complaint is being dismissed. Accordingly, Plaintiff's Motion for Default Judgment as to Gino Ramundo is hereby denied as moot.

1

## II. BACKGROUND

The following facts are accepted as true for purposes of the instant motion. Plaintiff Rita Forcellati, formerly known as Rita Ramundo, and Defendant Gino Ramundo obtained a loan and purchased real property located at 57 Old Crown Road, Old Tappan, New Jersey 07675 ("Property"). (ECF No. 2 ("Reiley Cert."), Ex. A).[2] On May 14, 2010, Defendant Ramundo took out a mortgage with Defendant PHH to refinance the existing mortgage on the Property. (ECF No. 1 ("Compl.") ¶ 8). The loan from Defendant PHH was in the principal amount of $615,000.00 ("Loan") and was memorialized by a note ("Note") executed by Defendant Ramundo on the same day and secured by the Property. (Reiley Cert., Ex. B). Upon refinancing, $602,850.18 was used to satisfy the prior mortgage from Plaintiff and Defendant Ramundo on the Property to Valley National Bank ("Valley Mortgage"). (Reiley Cert., Ex. C). Accordingly, the Valley Mortgage was cancelled on June 10, 2010. (*Id.*).

To secure repayment of the Loan, Plaintiff and Defendant Ramundo also signed and delivered to PHH a mortgage ("Mortgage"), granting to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for PHH and its successors and assigns, a perfected first priority lien on the Property. (Reiley Cert., Ex. E). The Mortgage provided that in the event of a default, the mortgagee may accelerate all sums due and owning under the Note and Mortgage. (*Id.*). The Mortgage was later assigned to PHH on February 4, 2015 ("Assignment of Mortgage").

---

[2] Plaintiff does not include copies of the Deed, Mortgage, Valley Mortgage, Note, and Assignment of Mortgage as attachments to her Complaint, however, Defendant PHH has provided copies of these documents as attachments to its motion to dismiss. (Reiley Cert., Exs. A-C, E, F). The Court may consider the face of a complaint, and documents relied upon in the complaint. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss"). Here, Plaintiff's Complaint explicitly relies on the existence of these documents. (ECF No. 1 ¶ 8-9, 13-14 and 20). As such, the Court will properly consider the documents with Defendant's motion to dismiss.

(Reiley Cert., Ex. F). Plaintiff and Defendant Ramundo defaulted under the terms of the Mortgage and PHH elected to accelerate all sums due and owing under the Note and Mortgage.

Subsequently, in early 2016, Defendant PHH brought a foreclosure action against Plaintiff and Defendant Ramundo in the New Jersey Superior Court, Chancery Division, Bergen County. (Compl., ¶ 20). Plaintiff filed a contesting answer with affirmative defenses and counterclaims, claiming that she did not sign the Mortgage.[3] (Reiley Cert., Ex. I). At the close of discovery and following depositions, PHH filed a Motion for Summary Judgment. (Reiley Cert., Ex. J). Plaintiff opposed the motion arguing that she was not present at the closing and did not consent to the new Mortgage, and further amended her answer. (Reiley Cert., Exs. K, I). Notably, she did not contest that the Loan was in default or that she had not cured the default. (*Id.*). The court ultimately ordered that Plaintiff's amended answer with affirmative defenses and counterclaims be stricken with prejudice and issued a final judgement of foreclosure on December 18, 2017 for the amount

---

[3] In connection with the motions, Defendant PHH has attached records of the state court foreclosure proceeding. These are cited, not for the facts contained therein, but only in order to establish the nature and scope of prior proceedings between the parties, and the rulings of the state court. Such records are subject to judicial notice:

> [O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800-01 (3d Cir. 1947) (whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances of the instant case).

*Siljee v. Atl. Stewardship Bank*, No. 15-CV-1762, 2016 WL 2770806, at *3 (D.N.J. May 12, 2016) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)); *see generally* Fed. R. Evid. 201.

3

of $611,722.58. (Reiley Cert., Ex. D). Plaintiff's motion for reconsideration of the court's order striking Plaintiff's answer was subsequently denied. (Reiley Cert., Ex. O).

On March 29, 2018, Plaintiff filed her Complaint in the instant action alleging the following: (1) Violation of Fair Debt Collection Practices Act (15 U.S.C. §§ 1692); (2) Violation of the Truth-in-Lending Act (15 U.S.C. §§ 1601); (3) Violation of the New Jersey Consumer Fraud Act (N.J.S.A. §§ 56:8-1); (4) Negligence; (5) Legal Fraud; and (6) Breach of Contract—Failure to Observe Duty of Good Faith & Fair Dealing. (Compl. at 5, 7, 8, 11, 13, 15). On April 19, 2018, Defendant PHH filed the instant motion to dismiss.

### III. LEGAL STANDARD

Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. When jurisdiction is challenged, the burden of proof rests on the party asserting it. *See Tobin v. United States*, 170 F.Supp.2d 472, 476 (D.N.J.2001). The court must first determine whether the motion is a facial attack on the complaint or an attack on the facts. *See Carpet Group Int'l v. Oriental Rug Imp. Ass'n*, 227 F.3d 62, 69 (3d Cir.2000). When a court addresses a facial attack on a complaint it must, as with a 12(b)(6) motion, accept all allegations as true and then only answer the legal question. *See Snyder v. Lipuma*, No. 05-3819, 2006 WL 1044817, at *1 (D.N.J. Apr. 17, 2006). However, when a complaint is attacked on the existence of subject matter jurisdiction in fact, the court is not obligated to only look at the face of the complaint, but, instead, may consider matters outside the pleadings. *See Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir.1977).

Additionally, for a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint pursuant to the *Rooker-Feldman* doctrine. To the extent that Plaintiff's claims are not barred by *Rooker-Feldman*, the Court finds that Plaintiff's claims are barred by the entire controversy doctrine. Thus, for the following reasons, the Court dismisses Plaintiff's Complaint.

### A. This Court Lacks Subject Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine

Defendant contends that Plaintiff's Complaint is an "attempt to circumvent the final judgment awarded to PHH against Plaintiff in a New Jersey state foreclosure action entitled *PHH Mortgage Corporation v. Gino Ramundo and Rita Ramundo, His Wife*, in the Superior Court of New Jersey, Chancery Division of Bergen County, bearing docket number F-007944-16." (ECF

5

No. 7-1 ("Def's Br.") at 1).

The *Rooker-Feldman* doctrine divests federal courts of subject matter jurisdiction where the requested relief would reverse a prior state court decision or void its ruling. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also* 28 U.S.C. § 1257. There are four factors used to determine whether the *Rooker-Feldman* Doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

Here, all four factors are met. The first and third prongs are clearly met in the instant action: Plaintiff lost in the foreclosure action and judgment was rendered prior to Plaintiff's filing of the instant action in this Court. (Reiley Cert., Ex D). The second and fourth prongs are also satisfied as discussed below. Based upon similar factual circumstances, the Third Circuit held in *Gage v. Wells Fargo Bank*, NA AS, 521 F. App'x. 49 (3d Cir. 2013) that *Rooker–Feldman* barred jurisdiction. Similar to Plaintiff here, "Gage defaulted on his mortgage, and Wells Fargo subsequently filed a foreclosure complaint in state court" which ultimately ruled in Wells Fargo's favor. *Id.* at 50. Gage filed a complaint in federal court challenging the foreclosure judgment and sheriff's sale. *Id.* The district court subsequently granted Wells Fargo's motion to dismiss and held that the claims were barred under the *Rooker–Feldman* doctrine. *Id.* In affirming, the Third Circuit held that all four prongs of the *Rooker–Feldman* test were satisfied and stated that:

> **Gage cannot evade *Rooker–Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions.** The complaint reveals the nature of Gage's claims against Wells Fargo: that the

6

> bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him—makes it abundantly clear that he seeks to overturn the foreclosure judgment. Accordingly, the claims against Wells Fargo were properly dismissed under the *Rooker–Feldman* doctrine.

*Id.* at 51 (emphasis added).

For the same reasons, the Court finds that the second and fourth requirements are met here and that *Rooker–Feldman* strips this Court of jurisdiction to the extent that Plaintiff asks this Court to overturn the foreclosure action judgment. The gravamen of Plaintiff's Complaint is that Defendant PHH, through its notary, failed to verify the person purporting to be Plaintiff when the Mortgage was being signed resulting in a forgery. (Compl., ECF No. 1 ¶¶ 22-23). Plaintiff further alleges that she lost her equity in the property and requests, in part, that the Court grant her compensation for damages totaling the entire value of the Property upon loss of the Property due to the foreclosure action and compensation for damages totaling the entire amount Plaintiff has suffered in arrears including interest.

The Court finds that the essence of Plaintiff's Complaint is that the Mortgage is invalid. Any such contention is closed off by the final judgment of foreclosure. To the extent that Plaintiff is asking this Court to overturn the foreclosure action judgment, adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of the foreclosure action. "This type of action is exactly what *Rooker–Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure and various other orders from a state court action in a separate federal court action." *Willoughby v. Zucker, Goldberg & Ackerman*, LLC, No. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014) (applying *Rooker-Feldman* doctrine where borrower was "seeking to litigate the validity of the foreclosure sale . . . and is relitigating the redemption value

7

of her home"). As such, Plaintiff's Complaint must be dismissed.

   B.   **Plaintiff's Claims are Barred by *Res Judicata***

Defendant PHH argues that Plaintiff's claims were previously brought in the state foreclosure action and thus are barred by *res judicata* in the instant action. (Def.'s Br. at 20). *Res judicata* applies where (1) judgment in the prior action is valid, final, and on the merits, (2) the parties in the later action are identical to or in privity with those in the prior action, and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the earlier one. *See United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Plaintiff concedes that the second two elements are met. (Pl.'s Opp'n at 11). However, Plaintiff argues that while Plaintiff brought certain affirmative defenses and counterclaims, including but not limited to, violations of the FDCPA, common law fraud, and claims against Defendant Ramundo for forgery or for wrongful impersonation, the state court did not address these claims on the merits. (Pl.'s Opp'n at 3).

Whether a state court judgment should have a preclusive effect in a subsequent federal action depends on the law of the state that adjudicated the original action. *See Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999) ("To determine the preclusive effect of [plaintiff's] prior state action we must look to the law of the adjudicating state."); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."). New Jersey claim preclusion law, like federal law, has the three essential elements mentioned above. *See Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991). If those three requirements are met, then the doctrine bars "the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S.

90, 94; *Watkins*, 591 A.2d at 599 ("Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined.") A review of the record indicates that the court granted Defendant PHH's Motion to Strike Plaintiff's answer with affirmative defenses and counterclaims with prejudice. (Reiley Cert., Ex. D). There is no question that the state foreclosure action was a valid and final judgment on the merits. Moreover, Plaintiff does not contest that the parties in the instant action are identical to or in privity with those in the state foreclosure action, and that the claims in the instant action grew out of the same transaction or occurrence as the claim in the earlier foreclosure action. Because the court dismissed Plaintiff's claims with prejudice, such claims were decided on the merits, and thus Plaintiff's argument fails. *See Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972) (dismissal with prejudice constitutes an adjudication on the merits "as fully and completely as if the order had been entered after trial"); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955) (dismissal of claims with prejudice bars subsequent suit on the same issue, where operative facts of subsequent suit were identical). Accordingly, the Court finds that to the extent Plaintiff's claims are not barred by *Rooker-Feldman*, Plaintiff's claims are barred by *res judicata*.

C. **Plaintiff's Remaining Claims are Barred by the Entire Controversy Doctrine[4]**

To the extent Plaintiff raises independent claims regarding Defendant's alleged misconduct

---

[4] The Court notes that, unlike the *Rooker–Feldman* doctrine, the entire controversy doctrine "does not defeat subject matter jurisdiction" and is therefore applied under Rule 12(b)(6), but only where its application is "apparent on the face of the complaint[.]" *See Brody v. Hankin*, 145 Fed.Appx. 768, 771 (3d Cir. 2005). The Court finds to the extent that it has jurisdiction over Plaintiff's claims, it is apparent that the entire controversy doctrine applies based on the face of the Complaint. *Cf. Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *see also Toscano v. Conn. Gen. Life Ins. Co.*, 288 Fed.Appx. 36, 38 (3d Cir. 2008) (concluding that Court can review the record of prior actions between the parties and take judicial notice of same in considering a motion to dismiss).

9

preceding and allegedly resulting in the state-court judgment, such claims are barred by the entire controversy doctrine. Like traditional *res judicata*, the entire controversy doctrine is intended to prevent piecemeal litigation by requiring the assertion of all claims arising from a single controversy in one action. *See Prevratil v. Mohr*, 678 A.2d 243, 248 (N.J. 1996). Its "purposes are to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote party fairness and judicial economy and efficiency ...." *K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 868 (N.J. 2002). "Generally speaking, the entire controversy doctrine requires whenever possible all phases of a legal dispute to be adjudicated in one action. At a minimum, all parties to a suit should assert all affirmative claims and defenses arising out of the underlying controversy." *Prevratil*, 678 A.2d at 246. In other words, "a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)). In applying the doctrine, "the central consideration is whether the claims ... arise from related facts or the same transaction or series of transactions." *DiTrilio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). The doctrine is an "equitable principle under which the Court may exercise its judicial discretion based on the particular circumstances inherent in a given case." *In re Mullarkey*, 536 F.3d at 230 (citing *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 529–30 (N.J. 1995)).

The entire controversy doctrine applies to foreclosure proceedings, but extends only to "germane" counterclaims. *See In re Mullarkey*, 536 F.3d at 228 (citing *Leisure Tech.-Ne. v. Klingbeil Holding Co.*, 349 A.2d 96, 97 (N.J. 1975)); N.J. Ct. R. 4:64-5. In the foreclosure context, germane claims are those "arising out of the mortgage transaction which is the subject matter of

the foreclosure action," *Leisure Tech.-Ne.*, 349 A.2d at 98; *see also Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortgage Corp.*, 446 Fed.Appx. 469 (3d Cir. 2011) (applying entire controversy doctrine to mortgage transaction). A claim challenging the validity of the underlying loan in a foreclosure action is considered germane and is thus subject to the entire controversy doctrine—i.e., it must be brought as a counterclaim in the foreclosure action. *See Bank of N.Y. v. Ukpe*, No. 1710-09, 2009 WL 4895253 at *7 (D.N.J. Dec. 9, 2009).

Here, although the foreclosure action is largely the genesis of Plaintiff's Complaint, the allegations and causes of actions are couched in terms of Defendant PHH's failure to follow procedure and verify that Plaintiff was in fact the person signing the Mortgage, which then allowed Defendant Ramundo to successfully obtain the Mortgage without Plaintiff's consent. (Compl. ¶ 25). However, notwithstanding that Plaintiff appears to raise claims that were previously raised in the state court, to the extent such claims are independent, and are not barred by *Rooker– Feldman*, they are barred under the entire controversy doctrine.

Plaintiff's claims are germane because they clearly "aris[e] out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Tech.*, 349 A.2d at 98. Plaintiff here is essentially arguing that the mortgage transaction, which is the subject of the foreclosure action in state court, is invalid and that Defendant acted illegally in pursuing collection under this allegedly invalid loan. (*See generally* Compl.). All of these claims arise from the existence of the Mortgage and Loan and Defendant PHH's rights thereunder. *See DiTrilio*, 662 A.2d at 502. In other words, the validity of the Mortgage ties in directly with the causes of action asserted in Plaintiff's Complaint here. *Lewis v. Pennymac Corp.*, No. 16-1514, 2016 WL 2901707, at *4 (D.N.J. May 18, 2016), *aff'd sub nom. Lewis v. O'Donnell*, 674 F. App'x 234 (3d Cir. 2017).

Moreover, Plaintiff's claims here were undoubtedly known to Plaintiff and had accrued

prior to the time of the underlying action. According to Plaintiff, she learned of Defendant Ramundo's forgery in 2014. (Pl's. Opp'n at 2; Compl. ¶ 14). Thus, Plaintiff had "immediate recourse with the chancery judge in the foreclosure action" for issues concerning Defendant Ramundo's forgery and Defendant PHH's collection efforts related to the mortgage, yet Plaintiff "failed to take that route as [she was] required to." *Sherk v. Countrywide Home Loans, Inc.*, No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009) ("The time and the place to challenge standing [related to the mortgage] was during the pendency of the foreclosure action or afterwards in the state court where the [plaintiff] could have raised the issue."). Consequently, Plaintiff's claims here must be dismissed pursuant to the entire controversy doctrine, to the extent they are not barred by *Rooker–Feldman*.

## V. CONCLUSION

For the reasons set forth above, Defendant PHH's motion to dismiss Plaintiff's Complaint is hereby **GRANTED,** but without prejudice as to Plaintiff's right to seek any further relief in New Jersey's state courts. An appropriate Order accompanies this Opinion.

Dated: November 26, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**